UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KAREN WORYTKO,

                              Plaintiff,                    **REPORT AND**
                                                                                      **RECOMMENDATION**
          -against-                                         **CV 03-4767 (DRH)(ARL)**

COUNTY OF SUFFOLK, et al.,

                              Defendants.
-------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      For the reasons that follow, the undersigned respectfully recommends that the district court dismiss plaintiff's complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

### BACKGROUND

      The protracted procedural history of this case is as follows. Nearly six years ago, on September 19, 2003, plaintiff filed this pro se action under 42 U.S.C. § 1983 and, in January 2004, she filed an amended complaint. There having been no activity thereafter, on April 30, 2004, the undersigned ordered plaintiff to show cause why the action should not be dismissed for her failure to prosecute. On May 13, 2004, plaintiff filed affidavits of service of the amended complaint upon defendants, and the undersigned scheduled an initial conference for August 4, 2004. At the initial conference, plaintiff's sought to stay this case pending the outcome of the underlying criminal case. This request was denied and a discovery schedule was entered that included a discovery cutoff in March 2005. Plaintiff also complained that she was not receiving mail that had been sent to her, and she provided the court with a proper address. The court cautioned plaintiff that she is "under a continuing obligation to keep the court apprised of any

changes in [her address]." (Docket Entry 21.)

On November 11, 2004, upon appeal by plaintiff, District Judge Hurley affirmed the undersigned's denial of a stay of discovery. Thereafter, plaintiff retained counsel, who on the eve of the final conference in April 2005 again sought a stay of this action pending the outcome of the underlying criminal case. Neither plaintiff nor her counsel appeared at the final conference which was re-scheduled a week later. However, both plaintiff and her counsel again failed to appear. Noting that all discovery should have been completed and that neither party had requested additional time to complete discovery, this court closed discovery but stayed submission of the joint pretrial order pending resolution of the stay issue by District Judge Hurley. (Docket Entry 35.).

On May 25, 2005, District Judge Hurley granted plaintiff's application and administratively closed this case. Eight months later, in January 2006, defendants Timothy and Donna Aiello (the "Aiellos") wrote to Judge Hurley seeking either for plaintiff to voluntarily discontinue the action or, in the alternative, seeking permission to file a summary judgment motion. In response, plaintiff's counsel filed a motion to withdraw, which Judge Hurley referred to the undersigned. After holding a telephone conference on March 16, 2006, in which plaintiff participated, the undersigned granted counsel's motion to withdraw. Plaintiff did not retain new counsel. Judge Hurley lifted the administrative stay and, on May 16, 2006, the undersigned issued a new scheduling order, allowing the parties until July 7, 2006 to complete any remaining discovery. On July 7, 2006, the Aiellos again sought a pre-motion conference to obtain permission to file a motion for summary judgment. In response, Judge Hurley issued another stay and set forth a briefing schedule. On June 28, 2007, Judge Hurley granted the Aiellos'

motion in part and dismissed plaintiff's malicious prosecution and intentional infliction of emotional distress claims. Judge Hurley also lifted the stay of discovery and referred this action to the undersigned for the issuance of another discovery schedule. Accordingly, the undersigned issued a third amended discovery schedule with September 27, 2007, as the deadline to complete any remaining discovery.

On July 30, 2007, plaintiff filed an interlocutory appeal of Judge Hurley's decision to the Court of Appeals for the Second Circuit. While this action was before the Second Circuit, Judge Hurley ruled that "this Court lacks jurisdiction" and thus "no action shall be taken on this case until such time as the appeal is disposed of and the case returned . . . ." (Docket Entry dated October 23, 2007.) On January 17, 2008, the Second Circuit dismissed plaintiff's interlocutory appeal and returned this action to the court. For the approximately nine months that followed, plaintiff made no filings with the court, nor did she take any affirmative steps to further her case. Eventually, on November 5, 2008, Judge Hurley, in an effort to move the case forward, directed the undersigned to issue a new discovery schedule.

On December 12, 2008, the undersigned ordered that an in-person conference would take place on February 18, 2009. Plaintiff informed the court of her current mailing address on January 6, 2009, and she received notice of the scheduling order more than three weeks prior to the conference. (*See* Docket Entries 98 & 100.) However, plaintiff did not appear at the conference on February 18th, and the court re-scheduled the conference for a week later. In the order re-scheduling the conference, plaintiff was cautioned that her failure to appear for the re-scheduled conference would lead to a recommendation that the case be dismissed for failure to prosecute. Despite prior warnings that she seek timely adjournments, on February 18, the very

day of the scheduled conference, the court received a letter from plaintiff seeking an adjournment. The undersigned denied plaintiff's application as moot, and cautioned plaintiff "that any such application must be received by the court at least 48 hours in advance of a conference and that, unless the court has granted such a motion, than plaintiff is obligated to attend." (Docket Entry dated February 20, 2009.) The court further stated that "[i]n the future, plaintiff's failure to attend any conference will result in the imposition of sanctions, including payment of the reasonable attorneys' fees incurred by defendants as a result of plaintiff's non-attendance." (*Id*.) Although the court mailed these orders to plaintiff via certified mail at her current address of record, a review of the tracking numbers shows that the documents went unclaimed. The undersigned's staff nonetheless made several attempts to reach plaintiff by telephone to inform her of the adjourned conference on February 25th, but there was no answer at plaintiff's phone number of record.

Plaintiff did not appear at the conference on February 25. The undersigned thus ordered that "plaintiff is sanctioned the reasonable cost of defendants' attorneys' appearance." (Docket Entry 103.) The court further noted that it would "issue an order . . . recommending to District Judge Hurley that this action be dismissed due to plaintiff's failure to prosecute." (*Id*.) A copy of this minute order was mailed to plaintiff's current address of record, and it was again returned to the court as unclaimed. (*See* Docket Entry 106.) Although two months have elapsed, plaintiff has yet to communicate with this court or to provide the court with another current address where she may receive service of papers. Plaintiff was made aware of her responsibilities to keep the

4

court informed of her address and to attend scheduled conferences. In light of plaintiff's failure to do either, the undersigned recommends dismissal of this action.[1]

## ANALYSIS

Federal Rule of Civil Procedure 41(b) provides a district court with "the authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). "Although pro se litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them." *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (citations and internal quotation marks omitted). It is especially true that pro se litigants bear the obligation to comply with procedural rules when the rules, such as deadlines to act, can easily be understood and appreciated without a legal education. *See Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) (citations omitted).

The Second Circuit has nonetheless "long recognized that dismissal is a harsh remedy, not to be utilized without a careful weighing of its appropriateness." *Dodson v. Runyon*, 86 F.3d 37, 39 (2d Cir. 1996). Dismissal under Rule 41(b) thus involves consideration of five factors: (1) the duration of plaintiff's failure to comply with court orders; (2) notice to plaintiff that failure to comply would result in dismissal; (3) possible prejudice to defendants; (4) the balance between the interest of managing the court's docket and the plaintiff's right to be heard; and (5) consideration of lesser sanctions. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir.

---

[1] By a separately issued order, the undersigned sanctions plaintiff the cost of defendants' attorneys' appearances at the February 25th conference.

1999). No one of these factors is dispositive. *See Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

Under the first factor, plaintiff's failure to comply with orders includes her failure to abide by three separate scheduling orders to complete discovery, which dates back to the commencement of this action almost six years ago. Even though some of this delay is excused due to the issuance of several stays, plaintiff was nonetheless provided with repeated and ample opportunities to engage in and to complete discovery. Despite repeated warnings that this case would be marked as trial ready, plaintiff has not complied with the undersigned's scheduling orders, including her failure to attend conferences, nor has she requested more time to complete discovery. More recently, plaintiff failed to attend a conference before the undersigned in February of this year, even though she was provided with nearly three weeks of notice. Moreover, despite being made aware of her obligation to seek timely adjournments, plaintiff's request for an adjournment did not reach the court until after the conference took place.

Plaintiff was provided with yet another opportunity to comply with the court's scheduling orders, but did not attend the most recent conference before the undersigned. Although it appears that plaintiff did not receive notice of the court's latest scheduling order, she has been repeatedly instructed about her continuing obligation to provide the court with an address where she may receive communication from the court. This court even went so far as to make several attempts to telephone plaintiff in order to secure her attendance at the scheduled conference. The law is clear that when a pro se litigant fails to provide the court with notice of a change of address and misses an important deadline as a result of this failure, dismissal may be an appropriate remedy. *See, e.g.*, *Garcia v. Hynes*, No. CV 08-3115(RJD)(LB), 2009 WL 890640 (E.D.N.Y. Mar. 31,

2009) (adopting magistrate judge's recommendation that action be dismissed for pro se plaintiff's failure to provide the court with a current address). Any residual prejudice to plaintiff is greatly outweighed by the fact that plaintiff has not taken any step to contact the court during the past two months. Plaintiff's more recent failures to comply with the court's scheduling orders are set against the backdrop of plaintiff's repeated failure to diligently prosecute this case. In short, for nearly six years the court has gone to extraordinary lengths and has expended great resources to allow plaintiff to prosecute her claims, yet plaintiff has repeatedly and consistently refused to comply with the court's orders to complete discovery. The duty to press forward with this case falls entirely upon plaintiff, rather than upon the court or defendants. *See Dodson v. Runyon*, 86 F.3d 37, 41 (2d Cir. 1996) (citation omitted). The undersigned thus finds that this case falls within the exceptional circumstances where dismissal is warranted due to plaintiff's long-standing failure to prosecute.

Under the second factor, plaintiff was put on notice as early as 2004 about the risk of dismissal for her failure to prosecute. More recently, plaintiff was again warned on February 20, 2009, about the risk of sanctions for her failure to attend scheduled conferences. Then, on February 25, 2009, the court issued a minute order that explicitly warned plaintiff that the undersigned would recommend dismissal due to her failure to prosecute. Plaintiff has not responded to this order, nor is the undersigned aware of any attempt by plaintiff to check on the status of her case. Nonetheless, any risk of prejudice for dismissal without notice is greatly minimized by the fact that plaintiff will be afforded one additional opportunity to object to the foregoing report and recommendation before District Judge Hurley. In other words, by the time that the district court decides this issue, plaintiff will have been provided with no less than three

7

warnings of the risk of dismissal. Plaintiff has thus been provided with ample opportunity to object.

The third and fourth factors weigh heavily toward dismissing plaintiff's claim. Under the third factor, the court finds that defendants have suffered great prejudice as a result of plaintiff's delays in prosecuting this action. In particular, defendants have been forced to endure years of legal fees and uncertainty for claims that plaintiff has yet to prosecute. Under the fourth factor, the court's interest in managing its docket greatly outweighs plaintiff's interest in being heard. Like defendants, the court has also expended an exorbitant amount of time and resources in addressing plaintiff's case, and yet plaintiff has failed to reciprocate by bearing her burden in bringing this claim forward. Plaintiff's interest in being heard by the court is minimized by the fact that the court has already ruled that her claims are unlikely to be of substance. (*See* Docket Entry 66.)

Finally, under the fifth factor, given plaintiff's repeated pattern of ignoring the court's orders and her longstanding delay in prosecuting this case, the court finds that lesser sanctions will merely cause additional prejudice to defendants and wasting of the court's resources. Given plaintiff's pattern of inactivity, the undersigned is confident that plaintiff would ignore a fourth amended discovery deadline. The undersigned nonetheless finds that, in the alternative to dismissing plaintiff's complaint, the only appropriate lesser sanction is to mark discovery closed and to go forward with trial.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that plaintiff's complaint be dismissed pursuant to Federal Rule of Civil Procedure 41(b) or, in the alternative,

that discovery be closed and that this case marked as trial ready. A copy of this Report and Recommendation will be sent via certified mail to plaintiff's most recent address of record. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
April 14, 2009

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge